UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYLER MARABLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 2:23-cv-00876-NAD |
| JACK'S FAMILY RESTAURANTS, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

For the reasons stated below, the court **GRANTS** Defendant Jack's Family Restaurants' motion to dismiss (Doc. 8), and **GRANTS** Plaintiff Tyler Marable *leave to amend* his complaint.

**BACKGROUND**

**A.    Procedural background**

On July 5, 2023, Plaintiff Marable initiated this action by filing a *pro se* complaint for employment discrimination under the Americans with Disabilities Act of 1990 (ADA). Doc. 1; *see* 42 U.S.C. § 12112 et seq. The complaint alleges two claims for relief: a discrimination claim related to the termination of Marable's employment, and a failure to accommodate claim. Doc. 1 at 8–9.

On August 31, 2023, Defendant Jack's filed this motion to dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim upon which relief can be granted. Doc. 8. Jack's argues that the complaint does not include sufficient fact allegations to state a claim for disability discrimination under the ADA, or for a failure to accommodate under the ADA. Doc. 8 at 4–8.

The parties fully briefed the motion to dismiss. Doc. 14 (Marable's opposition); Doc. 19 (Jack's reply).

The parties consented to magistrate judge jurisdiction. Doc. 16; 28 U.S.C. § 636(c).

### B. Allegations in the complaint

The complaint alleges that Marable began working at a Jack's location in November 2020. Doc. 1 at 8. The complaint alleges that Marable has a bipolar and/or schizoaffective disorder, and that Jack's discriminated against him based on a "disability or perceived disability." Doc. 1 at 5. The complaint alleges that, when Marable was hired, he told the hiring manager about his disability. Doc. 1 at 8.

The complaint also alleges that, in January 2021, Marable asked several coworkers if "the Army [was] following [him]." Doc. 1 at 8. The complaint alleges that, a few days later, Marable was informed by his case manager at his group home that Jack's had fired him. Doc. 1 at 8. The complaint alleges that Marable

then attempted to return to work, but that "[t]he manager . . . locked [him] out of the building." Doc. 1 at 8.

The complaint alleges further that Marable told his therapist and case manager at his group home that he "was fired for being mentally ill." Doc. 1 at 9. The complaint alleges that another coworker had argued with Marable's manager, but that the coworker had not been fired. Doc. 1 at 9; *see* Doc. 14 at 2.

The complaint alleges that Jack's "failed to make a reasonable accommodation for [Marable's] mental illness and fired [him] although [he] was a good worker," and that he "did not quit as they asserted." Doc. 1 at 9.

On June 27, 2023, the U.S. Equal Employment Opportunity Commission (EEOC) issued Marable a notice of his right to sue. Doc. 1 at 14–18. Marable did not attach to his complaint a copy of his EEOC discrimination charge.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), the court can dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id.*

According to the U.S. Supreme Court, "[d]etailed factual allegations are not required, but [Rule 8] does call for sufficient factual matter, accepted as true, to state

3

a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (cleaned up) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief; and, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 663–64, 678 (citations omitted); *see Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (cleaned up)).

## DISCUSSION

**I.  The complaint does not include sufficient fact allegations to state a plausible claim for relief for disability discrimination under the ADA.**

Marable's complaint does not include sufficient fact allegations to state a plausible claim for relief for disability discrimination under the ADA. The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).

"To state a discrimination claim under the ADA, a plaintiff must allege

4

sufficient facts to plausibly suggest '(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a "covered entity" discriminated against him on account of his disability.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1264 (11th Cir. 1997)); *see also Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (similar).

The ADA defines "disability" to include any "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA Amendments Act of 2008 codifies that "major life activities" include "concentrating, thinking, communicating, and *working*." 42 U.S.C. § 12102(2)(A) (emphasis added).

The ADA also defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 758–59 (11th Cir. 2023) (same).

In this case, the complaint alleges that Marable is an individual with a disability—and that Jack's discriminated against him based on a "disability or perceived disability"—of bipolar and/or schizoaffective disorder. Doc. 1 at 5. The complaint also alleges that Jack's violated the ADA by terminating Marable's employment. Doc. 1 at 8–9.

But the complaint does not include sufficient fact allegations that Marable is a "qualified individual."  *See* 42 U.S.C. § 12111(8) (a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires"); *accord Beasley*, 69 F.4th at 758–59.  The complaint includes no fact allegations about the type of position Marable held, what that position required, or whether his disability prevented him from performing those requirements.  The vague and conclusory allegation that Marable was a "good worker" is insufficient.  *See* Doc. 1 at 9; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Likewise, the complaint does not include sufficient fact allegations that Marable was fired "on account of his disability."  *See Surtain*, 789 F.3d at 1246; *Iqbal*, 556 U.S. at 678.  While the complaint alleges that Marable was terminated because of his mental illness, the complaint includes no fact allegations related to his termination other than the vague and conclusory allegations that he asked several coworkers if "the Army [was] following [him]," and that he later was informed by his case manager at his group home that Jack's had fired him.  Doc. 1 at 8.  The complaint does not include fact allegations regarding whether Marable was reported for his conversations with his coworkers, whether he spoke with a manager about his termination, whether he received termination paperwork, or what role his case

6

manager played in his employment. Thus, the complaint does not include sufficient fact allegations to show that Marable was terminated because of his mental illness. *See Iqbal*, 556 U.S. at 684 ("[The plaintiff] would need to allege more by way of factual content to 'nudg[e]' his claim . . . 'across the line from conceivable to plausible.'" (quoting *Twombly*, 550 U.S. at 570)).

## II. The complaint does not include sufficient fact allegations to state a plausible claim for relief for a failure to accommodate under the ADA.

Marable's complaint does not include sufficient fact allegations to state a plausible claim for relief for a failure to accommodate under the ADA. "An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide 'reasonable accommodations' for the disability." *Lucas*, 257 F.3d at 1255 (citing 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a)).

To state a claim for a failure to accommodate under the ADA, the plaintiff "bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows him to perform the job's essential functions." *Lucas*, 257 F.3d at 1255–56 (citations omitted).

However, "[a]n employer's duty to provide a reasonable accommodation . . . 'is not triggered unless a specific demand for an accommodation has been made.'" *Adigun v. Express Scripts, Inc.*, 742 F. App'x 474, 476 (11th Cir. 2018) (quoting *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999)).

In this case, the complaint alleges that Jack's "failed to make a reasonable

7

accommodation for [Marable's] mental illness and fired [him] although [he] was a good worker."  Doc. 1 at 9.

In this regard, the complaint does not include any fact allegations regarding when, where, or from whom Marable requested any reasonable accommodation, what reasonable accommodation he may have requested, or how many times he may have requested any such reasonable accommodation.  *See, e.g.*, *Adigun*, 742 F. App'x at 476; *Gaston*, 167 F.3d at 1363.

In its motion to dismiss, Jack's argues that Marable "does not allege that he requested an accommodation, any specifics regarding how his alleged disability required an accommodation, or that Jack's failed to accommodate his request."  Doc. 8 at 8.

Indeed, in his opposition, Marable does not argue that he requested any reasonable accommodation, and instead asserts that he "was not given a chance to ask for accommodations for [his] mental illness as [he] was promptly terminated."  Doc. 14 at 2.  Marable asserts that Jack's "failed to make a reasonable accommodation by allowing [him] to continue working there."  Doc. 14 at 2.

While the Eleventh Circuit has not specified the form of the required request for a reasonable accommodation, the Eleventh Circuit nevertheless has required that the employee's demand must be specific enough to put the employer on notice as to the employee's "desire for an accommodation."  *United States v. Hialeah Housing*

8

*Authority*, 418 F. App'x 872, 876 (11th Cir. 2011) (citation omitted); *see also Adigun*, 742 F. App'x at 477 (similar).

Regardless, in this case, the complaint cannot state a claim for a failure to accommodate because the complaint does not allege—and Marable has not argued—that he requested any accommodation, or what any reasonable accommodation might have been. *See, e.g.*, *Cooper v. Community Haven for Adults & Children with Disabilities*, No. 8:12-cv-1041-T-33EAJ, 2013 U.S. Dist. LEXIS 266, at *17 (M.D. Fla. Jan. 2, 2013) (granting a motion to dismiss where the plaintiff failed to allege that "she requested an accommodation and linked the request to her disability").

## CONCLUSION

For the reasons stated above, Defendant Jack's motion to dismiss (Doc. 8) is **GRANTED**, and Plaintiff Marable is **GRANTED** *leave to amend* the complaint. *See Foman v. Davis*, 371 U.S. 178, 182, (1962) (holding that a district court should deny leave to amend where amendment would be futile); *Weil v. Phillips*, 816 F. App'x 339, 342 (11th Cir. 2020) ("Although the district court was required to liberally construe [the plaintiff's] *pro se* complaint, it was not required to rewrite [the plaintiff's] complaint to allege a proper claim for relief.").

Marable **SHALL** file his amended complaint on or before **January 24, 2024**, in compliance with the Federal Rules of Civil Procedure and the instructions from

the Supreme Court and the Eleventh Circuit on proper fact pleading. The amended complaint must include all of Marable's claims in this action and must not refer back to the initial complaint. The court will consider only the claims and fact allegations in the amended complaint.

In addition, Marable **SHALL** attach to his amended complaint (1) a copy of all charges of discrimination that he filed with the EEOC, and that form the bases for his claims in this action, as well as (2) a copy of the EEOC's response to all such charges of discrimination, including the notice of right to sue.

**DONE** and **ORDERED** this January 3, 2024.

_____
 **NICHOLAS A. DANELLA**
 UNITED STATES MAGISTRATE JUDGE